**Marvin L. KING, Plaintiff,**

v.

**Manuel LUJAN, Secretary, Department of the Interior, et al., Defendants.**

**Civ. A. No. 91–966 SSH.**

United States District Court,
District of Columbia.

Feb. 28, 1992.

Marvin L. King, pro se.

Claire M. Whitaker, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion for summary judgment. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." Fed.R.Civ.P. 52(a). While this matter thus properly could be disposed of wholly summarily, the Court does set forth its conclusions relatively briefly, without repeating the information evident in the record.

Plaintiff alleges that he suffered discrimination on the basis of his sex (male) and his age (47) while he was employed at the Museum and Archeological Regional Storage Facility (MARS) of the National Park Service, National Capital Region. Plaintiff was employed as a Temporary Museum Technician in the Vietnam Veterans Memorial Collection (VVM) for approximately four weeks before he was discharged. Plaintiff alleges several forms of discriminatory treatment in support of his claim. First, he did not receive training or appropriate work space, unlike two younger, female employees who began work on the same day. Second, he did not receive cataloging duties, although the notice of vacancy listed such duties in the job description. Third, he suffered verbal abuse and intimidation from the Site Manager. Finally, plaintiff claims that his discharge resulted from sex and age discrimination.

Defendants have moved for summary judgment relying on plaintiff's deposition and the administrative record of the investigation of plaintiff's Equal Employment Opportunity (EEO) claim. Defendants contend that plaintiff cannot meet his burden of presenting a *prima facie* case of discrimination, that they have demonstrated an ability to meet their burden of establishing legitimate, nondiscriminatory reasons for defendant's termination, and that plaintiff cannot meet his burden of showing that the reasons given are pretextual. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

In responding to a properly supported motion for summary judgment, the nonmoving party may not rest on its pleadings but must go forward with evidence sufficient to demonstrate that a genuine issue of material fact exists for trial. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–89, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538 (1986). Plaintiff did not produce any additional evidence in opposition to defendants' motion.[1] Therefore, plaintiff's deposition testimony provides the only evidence in support of his claim. The Court reviewed that testimony as well as the administrative record, drawing all possible inferences in plaintiff's favor.

Plaintiff's claims of sex and age discrimination arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–16, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621 *et seq.,* respectively. Claims under those statutes are subject to the same shifting burden of proof. *Cuddy v. Carmen,* 762 F.2d 119 (D.C.Cir.1985). Plaintiff faces an initial burden of establishing a *prima facie* case of discrimination. *Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988); *McDonnell Douglas, supra.* To meet that burden, plaintiff must show four elements:

(i) that he belongs to a [protected group]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that after he was rejected, the position remained open and the employer continued to seek applications from persons of complainant's qualifications.

---

1. Plaintiff filed a pleading captioned "Motion to Allow My Case to Proceed," which the Court accepts as an opposition. In that pleading, plaintiff notes what he considers inconsistencies in the record of his EEO claim. Plaintiff also asserts that he could provide further evidence in support of his claim through a search of defendants' records. The information plaintiff states that he could produce would not rectify the deficiencies in his proof. Furthermore, defendants' counsel represents that plaintiff has not requested discovery of any kind.

*McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. When the alleged discrimination is not a failure to hire, the elements of a *prima facie* case must be adapted to conform to the claim. *Id.* at 803 n. 13, 93 S.Ct. at 1824 n. 13; *Metrocare v. WMATA,* 679 F.2d 922 (D.C.Cir.1982). In this case, plaintiff must show that he was discharged, that he was performing his job satisfactorily, and that other employees not within the protected group who performed at a similar level were not discharged. *Flowers v. Crouch–Walker Corp.,* 552 F.2d 1277 (7th Cir.1977).[2]

Once plaintiff has established a *prima facie* case of discrimination, the burden of production shifts to defendants "to articulate some legitimate, nondiscriminatory reason" for plaintiff's discharge. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. Plaintiff then has the burden of establishing that defendants' asserted reason is pretextual. *Id.* at 805, 93 S.Ct. at 1825; *Texas Dep't of Community Affairs,* 450 U.S. at 254–55, 101 S.Ct. at 1094–95.

Defendants contend that plaintiff cannot establish a *prima facie* case of discrimination because he cannot establish that he performed satisfactorily and that other employees with similar performance records were not terminated.[3] Plaintiff's deposition testimony arguably provides a sufficient basis to survive summary judgment on that point. Plaintiff states that he performed every task he was assigned satisfactorily. Plaintiff further argues that his tenure was too brief and the tasks assigned to him too menial to serve as a basis of an unsatisfactory evaluation. Although the Court views plaintiff's showing on this point as very weak, it arguably is sufficient to discharge plaintiff's initial burden.[4]

Defendants have met their burden of going forward with evidence of legitimate, nondiscriminatory reasons both for treating plaintiff differently than the two other new employees and for discharging plaintiff. Plaintiff was assigned to work in the VVM section while the two younger female employees were placed in another section.[5] The VVM section worked in a different part of the building, and it was in the process of revising its cataloging system. Therefore, there were legitimate reasons to place plaintiff in a different work area, to assign him different tasks, and to defer his catalogue training.

Defendants also have produced evidence of a legitimate, nondiscriminatory reason for plaintiff's discharge—his unsatisfactory performance. The depositions of plaintiff's supervisor and his coworkers show that he did not follow instructions well, even in performing simple assignments. Plaintiff appears to admit that he did not perform a copying assignment to the Site Manager's satisfaction. In addition, plaintiff referred his supervisor as a "dip stick."[6] Plaintiff explains that he was responding to the Site Manager's abusive manner. While the Site Manager appears to have been unnecessarily impatient, plaintiff's outburst supports defendants' assertion of legitimate reasons for firing him.

By meeting its burden of production to show a legitimate reason for discharging plaintiff, defendants have shifted the burden back to plaintiff to go forward with new evidence to show pretext. Plaintiff has not shown that he can meet that burden. Accordingly, summary judgment in defendant's favor is appropriate. *Celotex*

---

2. Plaintiff must make a similar showing with regard to his claim of discriminatory treatment during his employment.

3. Defendants do not challenge plaintiff's ability to establish the remaining elements of a *prima facie* case.

4. To accept plaintiff's version of his brief employment, one must believe that his employer hired him with the intention immediately of discriminating against him on the basis of his sex and age. That claim defies logic.

5. Plaintiff himself expressed an interest in working for the VVM section. Therefore, he can hardly claim that the initial decision to place him in that section was based on a discriminatory motive.

6. Plaintiff admits to using this term, but defendants contend that plaintiff used a more offensive term. The exact words are not as significant as the fact that plaintiff responded with hostility toward the Site Manager.

*Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). It hereby is

ORDERED, that defendants' motion for summary judgment is granted.

SO ORDERED.